UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                   |   |                                |
|-----------------------------------|---|--------------------------------|
| U.S. ENGINEERING COMPANY,         | ) |                                |
| Petitioner,                       | ) |                                |
| v.                                | ) | Civil Case No. 17-cv-02004 (TSC) |
| UNITED SHEET METAL, INC.,         | ) |                                |
| Respondent.                       | ) |                                |

**MEMORANDUM OPINION**

Petitioner U.S. Engineering Company ("U.S. Engineering") brings this suit seeking the confirmation of an arbitration award against Respondent United Sheet Metal, Inc. ("Sheet Metal"). Sheet Metal has not filed an appearance in this matter. Before the court is U.S. Engineering's motion for default judgment. (ECF No. 9.) For the reasons stated herein, the court will GRANT the motion for default judgment.

## I.  BACKGROUND

U.S. Engineering is a mechanical contractor that performed "mechanical contracting services" as part of a renovation project for the Embassy of the Republic of South Africa. (ECF No. 1-1 ("Mem. in Supp. of Pet.") at 1.) In February 2012, U.S. Engineering entered into a subcontract with Sheet Metal to "fabricate and install sheet metal and duct work in the HVAC[1] system" for the embassy renovation project. (*Id.* at 1; ECF No. 1-3 ("Subcontract").) The agreement contained a clause whereby all disputes concerning the agreement were to be addressed in binding arbitration. (Mem. in Supp. of Pet. at 2 (quoting Subcontract ¶ 26).)

---

[1] HVAC is an abbreviation for Heating, Ventilating, and Air Conditioning.

At some point after entering into the agreement, a dispute arose regarding the quality of Sheet Metal's work. (*Id.* at 2.) The parties then entered into arbitration proceedings before the International Centre for Dispute Resolution ("ICDR"), in which U.S. Engineering sought an award of $338,877.00 from Sheet Metal, alleging breach of contract due to "incomplete and defective work," and developed a record in support of its claim. (*Id.*) Sheet Metal, on the other hand, asserted claims and defenses but abandoned the arbitration in December 2014. (*Id.* at 3.) According to U.S. Engineering, a Sheet Metal representative informed U.S. Engineering that Sheet Metal "went out of business" in March 2014. (*Id.*)

The ICDR issued its "Final Award" on July 26, 2017, noting Sheet Metal's failure to participate in the proceedings. (*Id.*) ICDR awarded U.S. Engineering the entire $338,877.00 it claimed in damages for breach of contract and an additional $83,267.85 for attorney's fees, costs, and expenses, for a total award of $417,144.85. (*Id.*) U.S. Engineering now seeks judicial confirmation of the arbitration award. (*Id.*)

## II. STANDARD OF REVIEW

Courts may "enter default judgment [under Federal Rule of Civil Procedure 55] when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics." *Peak v. District of Columbia*, 236 F.R.D. 13, 15 (D.D.C. 2006) (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980)). Rule 55 establishes a two-step procedure that a plaintiff must follow to obtain default judgment. First, the plaintiff must ask the Clerk of Court to enter default based on a defendant's failure "to plead or otherwise defend" in response to the complaint. Fed. R. Civ. P. 55(a). Upon entry of default, "the defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Robinson v. Ergo Sols., LLC*, 4 F. Supp. 3d 171, 178 (D.D.C. 2014) (citation and quotation marks omitted); *see*

*also Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Second, after the Clerk has entered default, if applying to the court for default judgment, the plaintiff must "prove its entitlement to the amount of monetary damages requested" by submitting "detailed affidavits or documentary evidence" on which the court may rely. Fed. R. Civ. P. 55(b)(2); *Fanning v. Permanent Sol. Indus., Inc.*, 257 F.R.D. 4, 7 (D.D.C. 2009). Once a plaintiff has satisfied those procedural requirements, "[t]he determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Default judgments are disfavored resolutions to controversies because courts prefer to resolve disputes on the merits rather than on procedural technicalities. *See Jackson*, 636 F.2d at 835. This is especially true when a party seeks an undetermined amount in damages against a silent respondent. *See id.* (noting that a hearing is required when a claim for damages is "unliquidated"). *See also Klapprott v. United States*, 335 U.S. 601, 611–12 (1949) ("default judgments for money damages where there is any uncertainty as to the amount must ordinarily be supported by actual proof"). However, although it is a disfavored remedy, default judgment is appropriate where "the adversary process has been halted because of an essentially unresponsive party," and "the diligent party must be protected lest it be faced with interminable delay and continued uncertainty as to its rights." *Swiss Inst. Of Bioinformatics v. Glob. Initiative on Sharing All Influenza Data*, 49 F. Supp. 3d 92, 96 (D.D.C. 2014) (citations and alterations omitted).

## III. ANALYSIS

Courts have limited discretion in reviewing an arbitration award. *See United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36–37 (1987). Indeed, a "court must confirm an arbitration award where some colorable support for the award can be gleaned from the record." *Int'l Trading & Indus. Inv. Co. v. DynCorp Aerospace Tech.*, 763 F. Supp. 2d 12, 20 (D.D.C. 2011) (quotation marks and citation omitted). And "in the absence of a legal basis to vacate, [a] court has no discretion but to confirm the award." *Int'l Thunderbird Gaming Corp. v. United Mexican States*, 473 F. Supp. 2d 80, 83 (D.D.C. 2007) (citation omitted).

Heeding this directive, courts confirm arbitration awards via default judgment where the petitioner's request is consistent with the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq.* *See e.g. Non-Dietary Exposure Task Force v. Tagros Chems. India, Ltd.*, 309 F.R.D. 66 (D.D.C. 2015) (confirming an arbitration award of $169,091.67 by default judgment); *Adkins*, 180 F. Supp. 2d 15 (confirming an arbitration award of $572,000.00 by default judgment). Pursuant to the FAA, an arbitration award shall be confirmed if: (1) the parties' agreement provides that a court judgment shall be entered following an arbitration award; (2) the petition is filed either in the court specified in the parties' agreement or, if no court is specified, in the district within which the arbitration award was made; (3) the petition is filed within one year of the arbitration award; and (4) notice is served on the adverse party to establish the court's jurisdiction. 9 U.S.C. § 9.

In this case, all these statutory requirements are satisfied. First, the agreement between the parties allows for judicial confirmation of an arbitration award. (*See* Subcontract ¶ 26 ("The award rendered by the arbitrator(s) hereunder shall be conclusive and binding upon the parties and *shall be enforceable in any court* of competent jurisdiction.") (emphasis added).) Second,

because the agreement does not designate a specific court to confirm an arbitration award, (*see id.*), this court is the proper court to petition as it is located in the district within which the arbitration award was made. (*See* ECF No. 1-4 ("Final Award") at 4 (noting that the Final Award was made in Washington, D.C.).) Third, the petition to confirm the Final Award was filed within one year of the time the award was made. (*Compare* Final Award *with* Mem. in Supp. of Pet. (noting that the Final Award was made on July 26, 2017, and U.S. Engineering filed its Petition with the court on September 28, 2017).) Fourth, proper notice was given to Sheet Metal because U.S. Engineering served summonses upon both Sheet Metal's former agent for service and the Maryland State Department of Assessments and Taxation. (*See* ECF No. 5; ECF No. 6.)

Additionally, the amount claimed by U.S. Engineering is certain. U.S. Engineering claims that it is owed $417,144.85, an amount identical to ICDR's Final Award. (*Compare* Mem. in Supp. of Pet. at 3 *with* Final Award at 3.) The Subcontract provides that the arbitrator may award the prevailing party "reasonable attorney fees, costs, . . . and all expenses" (Subcontract ¶ 26); therefore, the fact that the Final Award includes $83,267.85 of attorney's fees, costs, and expenses is of no issue because of the court's limited discretion over the arbitrator's factual findings. *See Misco, Inc.*, 484 U.S. at 36–37 ("The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. . . . In these circumstances the moving party should not be deprived of the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for."). On this record, there is no need for the court to undertake an evidentiary hearing, request an accounting from U.S. Engineering, nor take any additional steps to investigate the matter. U.S. Engineering's motion for default judgment will be granted.

5

## IV. CONCLUSION

For the foregoing reasons, the motion for default judgment is hereby GRANTED.

A corresponding order will issue separately.

Date: June 4, 2019

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge